**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 14-95-DLB**

**HENRY BELCHER**                                                            **PLAINTIFF**

**vs.**                           **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN,**                                              **DEFENDANT**
**Commissioner of Social Security**

******************

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review

of an administrative decision of the Commissioner of Social Security.  The Court, having

reviewed the record, will affirm the Commissioner's decision, as it is supported by

substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        Plaintiff Henry Belcher filed his current application for Supplemental Security Income

(SSI) and Disability Insurance Benefits (DIB) payments, alleging disability as of October 18,

2010.  (Tr. 200-17).  Plaintiff's claim was denied initially and on reconsideration.  (Tr. 79-

108, 113-42).  On October 18, 2012, Administrative Law Judge Bonnie Kittinger conducted

an administrative hearing at Plaintiff's request.  (Tr. 33-78).  ALJ Kittinger ruled that Plaintiff

was not entitled to benefits on February 5, 2013.  (Tr. 15-27).  This decision became the

final decision of the Commissioner when the Appeals Council denied review on March 20,

2014.  (Tr. 1-5).

On April 18, 2014, Plaintiff filed the instant action.  (Docs. # 1 and 2).  This matter has culminated in cross motions for summary judgment, which are now ripe for review. (Docs. # 12 and 13).

## II.  DISCUSSION

### A.    *Overview of the Process*

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th

2

Cir. 1994).

**B.    *The ALJ's Determination***

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17).  At Step 2, the ALJ found Plaintiff's degenerative disc disease and depression to be severe impairments within the meaning of the regulations. (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 17-18).  Having reviewed the medical evidence of record, the ALJ first found that "not all of the specific criteria have been documented during the period at issue to establish that [Plaintiff's] degenerative disc disease meets or equals [Listing 1.04 (disorders of the spine)]."  (Tr. 18).  The ALJ also determined that Plaintiff's depression did not meet the requirements of Listing 12.04 (affective disorders) because his daily activities suggested only mild limitations in social functioning and he had not experienced repeated episodes of decompensation.  (Tr. 18-19).

At Step Four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b); that is:

> [H]e can stand and walk for a total of 2 hours and sit for a total of 6 hours in [an] 8-hour workday.  He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.  The claimant can never climb ladders, ropes or scaffolds.  He will need to avoid concentrated exposure to cold temperature extremes, vibration, and humidity.  The claimant must avoid exposure to dangerous machinery and unprotected heights.  He is able to

3

understand and remember simple and detailed instructions, and can carry out such instructions to complete tasks in 2 hour segments over an 8 hour workday for a 5 day work week.  He can relate adequately in work settings and adapt to changes and pressures of a routine work setting.

(Tr. 20).  The ALJ concluded that the claimant is unable to perform any past relevant work. (Tr. 25).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation.  At Step 5, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform.  (Tr. 25-26).  The ALJ based this conclusion on testimony from a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC.[1]  (*Id.*).  The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC could find work at the sedentary level of exertion as a hand bender (240 Kentucky/13,000 nationally), table worker fabrication (250 Kentucky/14,000 nationally) or surveillance system monitor (260 Kentucky/16,500 nationally).  (Tr. 26).  Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work and thus concluded that he was not under a "disability," as defined by the Social Security Act.  (*Id.*).

### C.    *Analysis*

Plaintiff's Motion for Summary Judgment provides no statement of the issues on appeal.  However, the Court was able to identify four arguments clearly raised therein: (1)

---

1) The ALJ pointed out that Medical-Vocational Rule 201.21 and 201.28 would require a finding of "not disabled" if Plaintiff had the RFC to perform a full range of sedentary work. (Tr. 25-26).  However, the ALJ noted that Plaintiff was "impeded by additional limitations" and incorporated these limitations into the hypothetical questions posed to the VE.  (*Id.*).

4

the ALJ failed to properly assess Plaintiff's credibility; (2) the ALJ should have given more weight to Dr. David Muffly's opinion; (3) the ALJ erred in finding that Plaintiff's impairments did not meet or medically equal Listing 1.04 (disorders of the spine) or Listing 12.04 (affective disorders); and (4) the ALJ erred in determining that Plaintiff could perform other work in the national economy.  Each of these arguments will be addressed in turn.  Any other "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," are waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

### 1.    The ALJ reasonably assessed Plaintiff's credibility

When a claimant's complaints regarding the intensity and persistence of his or her symptoms are unsupported by objective medical evidence, the ALJ must make a credibility determination "based on a consideration of the entire case record."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)(*quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4 (July 2, 1996)).  "The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."  *Id.* Consistency between the claimant's complaints and the case record supports claimant's credibility while "inconsistency, although not necessarily defeating, should have the opposite effect."  *Id.* at 247-48.  Credibility determinations cannot be based solely on intangible or intuitive notions.  *Id.* at 247.

Once the ALJ makes a credibility determination, the ALJ must explain his or her decision with enough specificity "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons

5

for the weight." *Id.* at 248 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2 (Dec. 2, 1996)); *see also* 20 C.F.R. § 404.1529.  Blanket assertions that the claimant is not believable will not suffice, nor will credibility explanations "which are not consistent with the entire record and the weight of the relevant evidence." *Id.*  Reviewing courts must give great weight and deference to the ALJ's credibility determination.  *Id.*

Although Plaintiff acknowledges that his subjective complaints are not enough to establish a disability, he insists that there is ample objective medical evidence in the record to support his testimony about his physical and mental conditions.  (Doc. # 12 at 15).  Even if this is so, it does not automatically follow that the ALJ's decision is unsupported by substantial evidence.  Plaintiff's argument reads as though he is asking the Court to re-weigh the evidence and make its own credibility determination, which is beyond the scope of its review.

To the extent Plaintiff argues that the ALJ's decision is not supported by substantial evidence, he fails to explain *why* this is so.  Did the ALJ fail to consider the entire medical record?  Was her finding impermissibly based on intangible or intuitive notions?  Or did she fail to explain her decision with the requisite specificity needed to facilitate meaningful review?  Because Plaintiff fails to identify the precise nature of the ALJ's error, the Court can only generally review her credibility assessment.

The hearing decision indicates that the ALJ carefully reviewed a variety of treatment notes and medical records, then compared them against Plaintiff's own testimony about the intensity, persistence and limiting effects of his symptoms.  (Tr. 20-25).  She found that Plaintiff's statements were "not entirely credible" for three reasons.  (Tr. 23).  First, she noted that Plaintiff "described activities of daily living that is [sic] not as limited as one would

6

expect giving [sic] the complaints of symptoms and limitations." (*Id.*).  Plaintiff testified that he enjoyed playing with his dogs and often helped his wife with household tasks such as laundry, dusting and dishwashing.  (Tr. 23-24).  He also stated that he could drive short distances and operate a riding lawn mower for about twenty-five minutes before needing a break.  (Tr. 24).  Second, the ALJ pointed out that Plaintiff's medication and treatment was "effective in controlling his symptoms." (*Id.*).  Various treatment notes indicated that Plaintiff's depression was stable and that medication helped relieve his chronic back pain. (*Id.*).  Finally, the ALJ found that "the medical records do not reflect that [Plaintiff] has reported to his doctors the same degree of pain and the same limiting effects that he describes in his disability application." (*Id.*).

As illustrated above, the ALJ conducted a detailed review of the medical evidence in the record, summarized key aspects of Plaintiff's testimony and highlighted the inconsistencies between the two.  She then provided an articulate summary of her reasons for finding that Plaintiff was not entirely credible.  Her analysis not only provides enough detail to facilitate meaningful review, it dispenses with any suggestion that she relied on intuitive notions or failed to properly review the record in rendering her assessment. Considering the ALJ's thorough credibility assessment and the level of deference afforded to such determinations, the Court simply cannot conclude that her finding was unsupported by substantial evidence.

### 2.    The ALJ gave appropriate weight to Dr. Muffly's opinion

In social security disability cases, medical evidence may come from treating sources, non-treating sources and non-examining sources. 20 C.F.R. § 404.1502.  A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who

provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D.K.Y. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing treatment relationship). A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but provided medical or other opinion evidence in the case. *Id.*

A treating source's opinion is entitled to controlling weight if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [his or her] case record." 20 C.F.R. § 404.1527(c)(2). If the opinion is not entitled to controlling weight, the ALJ must decide how much weight to give it by considering the length, frequency, nature and extent of the treatment relationship; evidence in support of the opinion; consistency of the opinion with evidence in the record; physician's specialization; and other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(1)-(6). These same factors guide the ALJ in determining how much weight to give a non-treating or non-examining source's opinion. *Id.*

While an ALJ will likely prioritize a treating source's non-controlling opinion over a non-treating source's opinion (and a non-treating source's opinion over a non-examining source's opinion), deviation from this general approach is not a *per se* error of law. 20 C.F.R. § 404.1527(c)(1) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical

8

impairment(s)"); *Norris v. Comm'r*, 461 Fed. Appx. 433 (6th Cir. 2012); *Blakely v. Com'r*, 581 F.3d 399, 409 (6th Cir. 2009)(*quoting* Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *3 (July 2, 1996)).  That being said, "opinions from other acceptable medical sources may be entitled to great weight, and may even be entitled to more weight than a treating source's opinion in appropriate circumstances, [but] opinions from sources other than treating sources can never be entitled to 'controlling weight.'" Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996).

On May 5, 2011, Dr. David E. Muffly performed an orthopedic evaluation on Plaintiff in connection with his Workers' Compensation claim.  (Tr. 22-23).  The ALJ reviewed Dr. Muffly's notes, which indicated that Plaintiff had L5-S1 disc herniation and chronic low back pain. (Tr. 23).  Dr. Muffly ultimately opined that Plaintiff could only lift up to ten pounds and needed to change position every half hour.  (*Id.*).  He would also need to lie down to obtain pain relief.  (*Id.*).  The ALJ "accounted for some of these limitations by limiting the claimant to a reduced range of sedentary work."  (*Id.*).

Plaintiff complains that the ALJ should have given more weight to Dr. Muffly's opinion, but fails to explain *how much* weight would have been appropriate.  Because the ALJ did incorporate some of Dr. Muffly's opinions into Plaintiff's RFC, the Court presumes that Plaintiff would like to see the rest of Dr. Muffly's assessments incorporated into his RFC. Instead of explaining *how* the ALJ erred in weighing this opinion, Plaintiff seems to invite the Court to re-weigh the opinion in a manner that is favorable to him.  This the Court will not do. Its review shall be limited to whether the ALJ's treatment of Dr. Muffly's opinion is supported by substantial evidence.

9

Dr. Muffly qualifies as a non-treating source because he only examined Plaintiff on one occasion.  Since his opinion could not be given controlling weight, the ALJ weighed it using the 20 C.F.R. § 404.1527(c) factors.  She considered the length of the treatment relationship (one visit), the context of the visit (Worker's Compensation claim), the tests performed (straight leg raising test and lumbar range of motion exam) and the ultimate diagnosis (L5-S1 disc herniation and chronic low back pain).  The ALJ then afforded some weight to Dr. Muffly's opinion, as evidenced by her decision to account for some of those limitations in limiting Plaintiff to a reduced range of sedentary work.  Because the ALJ engaged in the proper analysis and reached a conclusion that is supported by substantial evidence, the Court finds no error in her treatment of Dr. Muffly's opinion.

### 3. The ALJ did not err in finding that Plaintiff's impairments did not meet Listing 1.04 (disorders of the spine) or Listing 12.04 (affective disorders)

At the third step in the disability determination process, the Commissioner considers the medical severity of the claimant's impairments.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The Commissioner must determine whether the claimant's impairment meets or equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience."  *Id.*; 20 C.F.R. § 404.1525(a).  If the claimant can satisfy all of the objective medical criteria as well as the duration requirement, then he or she "will be deemed conclusively disabled, and entitled to benefits."  *Reynolds v. Comm'r Social Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011); *see also* 20 C.F.R. § 404.1509 (stating that the impairment "must have lasted or must be expected to last for a continuous period

10

of at least 12 months," unless it is expected to result in death).  Alternatively, the claimant will be deemed disabled if he or she demonstrates that the impairment is "at least equal in severity and duration to the criteria of any listed impairment" and meets the duration requirement.  20 C.F.R. § 404.1525(c)(3).

At Step 3, the ALJ identified Listings 1.04 (disorders of the spine) and 12.04 (affective disorders) as possible Listings of Impairments that Plaintiff might meet.  (Tr. 18). She then set out the criteria for each Listing and compared it against the medical records and Plaintiff's testimony.  (*Id.*).  Although Plaintiff's medical records indicated that he had degenerative disc disease, disc herniation and mild diffuse bulging disc, there was no evidence of a compromised nerve root.  (Tr. 18-23).  Thus, the ALJ concluded that "not all of the specific criteria have been documented during the period at issue to establish that [Plaintiff's] degenerative disc disease meets or equals [Listing 1.04 (disorders of the spine)]."  (*Id.*).  As for Listing 12.04, the ALJ noted that Plaintiff had only mild limitations in activities of daily living, as he played with the dogs, performed basic chores and enjoyed positive family relationships.  (*Id.*).  He also had no history of repeated episodes of decompensation.  (*Id.*).

Plaintiff contends that there is evidence in the record to establish that he meets the requirements of Listing 1.04 (disorders of the spine) and Listing 12.04 (affective disorders). (Doc. # 12 at 11-12).  Plaintiff relies heavily on Dr. Muffly's opinion in support of this proposition.  (*Id.*).  After reviewing Plaintiff's medical records and conducting an in-person orthopaedic evaluation, Dr. Muffly assessed Plaintiff with L5-S1 disc herniation and chronic low back pain.  (Tr. 535).  He further opined that Plaintiff should be restricted to lifting ten pounds and have the opportunity to change positions every half hour.  (*Id.*).

11

Plaintiff's reliance on Dr. Muffly's opinion is misplaced for several reasons. The Court has already found that the ALJ did not err in weighing Dr. Muffly's opinion. If the Court were to conclude that Plaintiff met the criteria for Listing 1.04 based on Dr. Muffly's impressions, it would not only contradict its own analysis, it would impermissibly re-weigh Dr. Muffly's opinion.[2] Plaintiff again misunderstands the nature and scope of the Court's review in asking for such relief. The key inquiry is not whether there is substantial evidence to support the finding proposed by Plaintiff, but rather, whether there is substantial evidence to support the ALJ's decision. And yet, Plaintiff focuses on evidence that supports his interpretation, rather than pointing to a *lack* of substantial evidence to support the ALJ's conclusion. The Court cannot find any error in the ALJ's conclusion based upon this bare argument. The ALJ identified the appropriate criteria to be met for each Listing, reviewed the medical evidence in detail and explained which aspects of each Listing were not satisfied. Thus, there is substantial evidence to support her findings.

### 4. The ALJ did not err in finding that Plaintiff could perform other work in the national economy

At Step 5, ALJs may consider "'reliable job information'" from various vocational publications "as evidence of the claimant's ability to do other work 'that exists in the national economy." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (quoting Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)); *see also* 20 C.F.R. §§ 404.1566(d), 416.966(d). Such publications include the Dictionary of Occupational Titles, which "includes information about jobs (classified by their exertional and skill requirements)

---

2) Even if the Court were inclined to give more weight to Dr. Muffly's opinion, he does not indicate that Plaintiff has a compromised nerve root with arachnoiditis or pseudoclaudication. (Tr. 532-535).

that exist in the national economy." *Id.* (quoting 20 C.F.R. § 416.969).  ALJs may also "consider the testimony of so-called 'vocational experts' ("VEs") as a source of occupational evidence."  *Id.* (citing S.S.R. 00-4p, 2000 WL 1898704, at *2).

In posing a hypothetical question to a vocational expert, an ALJ must accurately describe Plaintiff's functional limitations.  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779. (6th Cir. 1987).  However, the ALJ need only incorporate those limitations he finds to be credible.  *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the ALJ asked the VE to suppose someone with Plaintiff's age, education, work experience and residual functional capacity, and asked whether jobs exist in the national economy for such an individual.  (Tr. 29).  The VE replied that there were, giving representative occupations.  (*Id.*).  Plaintiff complains that this hypothetical failed to properly account for Dr. Muffly's opinion and his own testimony.  However, the Court has already found the ALJ's assessments of both Dr. Muffly's opinion and Plaintiff's testimony to be sound.  Because the ALJ is only obliged to incorporate the limitations that she finds to be credible, and because she did so in this case, the Court finds no error in the hypothetical posed to the VE.

### III.  Conclusion

Accordingly, for the reasons stated, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

13

(3)     Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 21st day of April, 2015.



Signed By:

_David L. Bunning_

United States District Judge

G:\DATA\SocialSecurity\MOOs\London\14-95 Belcher MOO.wpd

14